UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LORENZO I. ALVAREZ, M16839,

    Petitioner,

v.

RANDY PFISTER, Warden,
Stateville Correctional Center,

    Respondent.

No. 15 C 1625

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Lorenzo Alvarez was convicted after a bench trial of first degree murder and aggravated discharge of a firearm. *See* R. 1-1 at 41. He is serving a prison term of 65 years at the Stateville Correctional Center in Chest Hill, Illinois, where he is in the custody of Warden Randy Pfister.[1] *See* R. 1-3 at 20. Alvarez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* R. 1; R. 9. Alvarez has also filed two motions for a stay. R. 12; R. 15. The Warden has moved to dismiss the petition as untimely. R. 13. For the following reasons, Alvarez's petition and motions are denied, the Warden's motion to dismiss is granted, and the Court declines to issue a certificate of appealability.

---

[1] Tarry Williams was the Warden of Stateville Correctional Center when Alvarez filed his petition. *See* R. 1. Randy Pfister is now Stateville's Warden where Alvarez still resides. *See* the Stateville webpage, http://www.illinois.gov/idoc/facilities/pages/statevillecorrectionalcenter.aspx (last visited Mar. 14, 2016). Accordingly, Warden Pfister is substituted as the proper respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent is the warden of the facility where the prisoner is being held."); *see also Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).

## Background

### I. Facts

On December 31, 2009, Alvarez was convicted of murdering Oscar Campos, a rival gang member. *See* R. 1-1. At Alvarez's trial, David Jauregui, Joel Zapata, Miguel Delacruz, and Ezequiel Riveria each testified that they and Alvarez were members of the Latin Kings gang at the time Campos was murdered. *See id.* Jauregui and Zapata testified that they were with Alvarez when he shot and killed Campos after he told them he was a member of the Insane Deuces gang. *See id.* Delacruz and Riveria testified that Alvarez told them he killed Campos and showed them the gun he used. *See id.*

### II. Procedural History

Alvarez appealed his conviction, which was denied on July 31, 2012. *See People v. Alvarez*, 2012 WL 6967065 (Ill. App. Ct. 2d Dist. July 31, 2012). Alvarez then filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on November 28, 2012. *See People v. Alvarez*, 981 N.E.2d 998 (Ill. 2012). Alvarez did not file a petition for certiorari with the United States Supreme Court.

Alvarez later filed a postconviction petition with the Kane County Circuit Court. Alvarez dated his petition December 15, 2014, *see* R. 1 at 26, but the Kane County Circuit Clerk received it on March 27, 2015. *See* R. 10 at 2. The petition remains pending.

Alvarez filed his petition in this Court on February 18, 2015. *See* R. 1. Alvarez's petition is 26 pages, and is not clearly organized by separate claims. In

general, Alvarez contends that he is innocent and that he was falsely arrested and improperly convicted on the basis of coerced testimony. Alvarez alleges that the detectives investigating his case told him that "if he [didn't] cooperate they [were] going to 'make things up' using false documents and false eye witnesses to 'fix' the case [against] him." R. 9 at 8. Alvarez also alleges that while he was being questioned, "Detective Williams [and others] hit [him] in the face and grabbed [him] by the neck choked [him] and called him a 'mexican nigger dog' and and [threatened] him [that if he didn't] confess [they] will arrest[] [Alvarez's] loved ones and family . . . and have [Alvarez's] mom's . . . children [taken] away." *Id.* at 8-9. Alvarez also argues that he was denied effective assistance of trial counsel because trial counsel "refus[ed] to file [a] motion to dismiss the false bill of indictment and fail[ed] to file [a] motion to quash [Alvarez's] arrest and [a] motion to quash wrongful false statements." *Id.* at 6. Alvarez also contends that the prosecutors in his case were aware of the coerced false testimony and participated in procuring it. For these reasons, Alvarez argues that his sentence should be reduced to 20 years, and that he should have been convicted of manslaughter. *See id.* at 19.

Alvarez's primary claim in support of his petition is based on a purported affidavit from David Jauregui, one of the witnesses who testified against Alvarez at trial. This hand-written document is dated February 3, 2012, and is purportedly signed by Jauregui, although it is not notarized. In it, Jauregui states that he falsely testified against Alvarez at his trial. Jauregi states that he did so because the police told him to. He says that the "state gave [him] a deal to testify," and that

3

he and the other witnesses against Alvarez were put in the same cell so they would have an opportunity to "get our story straight." R. 9-1 at 2-3.

Alvarez also claims that he received a letter from Miguel Delacruz, another of the witnesses against him, stating, "the police scared me and made me say a bunch of lies about 'you.' I'm going to get it taken care of." R. 16 at 5. This letter is not notarized and is dated November 19, 2008, which was prior to Delacruz's trial testimony against Alvarez which took place in December 2009.

## Analysis

### I. Timeliness

The Warden argues that Alvarez's petition is untimely. Under 28 U.S.C. § 2244(d)(1), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." This limitation period runs "from the latest of":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Alvarez's conviction became final when the time for seeking review by the United States Supreme Court expired. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012). The Illinois Supreme Court denied Alvarez's petition for leave to appeal on November 28, 2012, and his time for seeking review by the United State Supreme Court expired 90 days later on February 26, 2013. *See* Sup. Ct. R. 13. The statute of limitations for Alvarez to file a petition under § 2254 expired one year later on February 26, 2014. Alvarez did not file his petition until February 18, 2015, so it is untimely.

Proper filing of a postconviction petition in state court tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). The Kane County Circuit Clerk received a postconviction petition from Alvarex on March 27, 2015, which Alvarez had dated December 15, 2014. *See* R. 1 at 26. Even using the earlier date as the filing date, Alvarez filed his postconviction petition more than nine months after the one year statute of limitations expired on February 26, 2014. Thus, Alvarez's state court postconvition petition did not toll the statute of limitations.

### A. Jauregui's Affidavit

Alvarez argues that Jauregui's affidavit stating that his testimony was false and coerced is "newly discovered evidence" such that the statute of limitations should run from that date. But Jauregi's affidavit is dated February 20, 2012. *See* R. 9-1 at 3. This is prior to February 26, 2013, the date on which Alvarez's conviction

5

became final. Thus, the date of Jauregui's affidavit does not help extend the statute of limitations for Alvarez's habeas petition.

Jauregui's affidavit is also insufficient—even when considered along with the letter from Delacruz stating that the police coerced his testimony—for Alvarez to invoke the actual innocence exception to the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Even without testimony from Jauregui and Delacruz, there was sufficient evidence for a reasonable jury to convict Alvarez. Zapata testified that he saw Alvarez shoot Campos, and Riveria testified that Alvarez told him he shot Campos and showed him the gun he used. A reasonable jury could convict Alvarez based on this evidence alone. Thus, the actual innocence exception to the statute of limitations is not available to Alvarez.

### B. Alvarez's Attempt to File a Postconviction Petition

Alvarez also contends that he tried to file a postconviction petition (which might have tolled the statute of limitations) as early as 2012, but that he was unsuccessful because he attempted to file it in DuPage County rather than in Kane County where he was convicted. Alvarez contends further that the statute of limitations should be tolled because he was "misled" into filing in DuPage County because the caption on the appellate court decision denying his direct appeal incorrectly stated that his appeal was from the Circuit Court of DuPage County. *See* R. 16 at 6, and that this circumstance constitutes an "impediment . . . created by state action" sufficient to satisfy the tolling provision in 28 U.S.C. § 2244(d)(1)(B).

6

The problem with this argument is that § 2244(d)(1)(B) applies only to impediments to the filing of a petition under § 2254 in *federal court*. By contrast, Alvarez contends that the erroneous caption on the appellate court's decision impeded him from filing a postconviction petition in *state court*. He does not contend that this error "prevented" him from filing a habeas petition in federal district court. *See Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007) ("whatever constitutes an impediment must prevent a petitioner from filing his petition"). Nor could he, as the erroneous caption in the appellate decision is irrelevant to his ability to file a petition under § 2254.

Moreover, the Seventh Circuit has held that if a convicted defendant faces impediments to filing a postconviction petition or other collateral review in state court, the proper course is not to wait until that process is resolved, but to file a "protective" petition under § 2254 and seek a stay from the district court until the defendant has fully exhausted his remedies in state court. *See Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005) ("As the Supreme Court recognized in *Pace*, a prisoner seeking state postconviction relief in circumstances where the operation of the limitations period is unclear may file a 'protective' petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)). Although the erroneous caption may have stymied or delayed Alvarez's postconviction proceedings in state court, it did nothing to prevent him from filing a habeas petition in this court. *See United States ex rel. Mueller v. Lemke*, 20 F. Supp.

7

3d 659, 666-67 (N.D. Ill. Feb. 20, 2014) ("While it is unfortunate that the Clerk provided misinformation, that misinformation did not prevent habeas counsel from timely filing the Petition."). Thus, the erroneous caption did not create an impediment to Alvarez filing his habeas petition under § 2244(d)(1)(B), so that statute does not provide a basis to toll the statute of limitations.

### C. Other Impediments to Filing and Equitable Tolling

Alvarez also contends that the following circumstances constitute state-created impediments sufficient to toll the statute of limitations: (1) he has a low level of education and difficulty speaking English; (2) his family and friends could not afford a lawyer to assist him; (3) the prison does not provide him with employment that enables him to afford an attorney; (4) he is not permitted access to the internet to do legal research; (5) the Stateville library destroyed a number of legal texts; (6) the Stateville law clerks would not assist him; (7) the Stateville library does not stock typewriter ribbons; (8) the Illinois Department of Corrections will not employ "jailhouse lawyers"; (9) lockdowns prevented him from accessing the law library; (10) "no one from the law library would help him"; and (11) his typewriter was confiscated. *See* R. 22 at 4-7. None of these circumstances constitute constitutional violations, and as such they cannot constitute state-created impediments under § 2244. *See Arroyo v. Brannon*, 2015 WL 4554758, at *3 (N.D. Ill. July 28, 2015) (citing cases); *U.S. ex rel. Vidaurri v. Hardy*, 2012 WL 1068735, at *11 (N.D. Ill. Mar. 29, 2012) (citing cases).

To the extent that Alvarez also argues that he is entitled to equitable tolling, the Court rejects that argument as well. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014). Alvarez's conviction became final on February 26, 2013, but he did not filed this petition until February 18, 2015. This does not evince diligence. Additionally, none of the circumstances Alvarez has raised in his papers can rightly be described as "extraordinary." Thus, Alvarez is not entitled to equitable tolling.[2]

## II. Certificate of Appealability

Lastly, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez,* 132 S.Ct. at 649 n.5. To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000); *see also Lavin v. Rednour,* 641 F.3d

---

[2] Alvarez also argues that the statute of limitations in § 2244 is unconstitutional. That argument is baseless, as the Supreme Court has consistently enforced the statute of limitations for § 2254 petitions.

9

830, 832 (7th Cir. 2011). Here, the Court's denial of Alvarez's petition as untimely rests on application of well-settled precedent. Accordingly, certification of any of Alvarez's claims for appellate review is denied.

## Conclusion

For the foregoing reasons, Alvarez's petition, R. 1; R. 9, is denied, and his motions for a stay, R. 12, R. 15, are denied as moot. The Warden's motion to dismiss, R. 13, is granted. The Court also declines to issue a certificate of appealability for any of the claims in the petition.

                                                    ENTERED:

                                                    _____

                                                    Honorable Thomas M. Durkin
                                                    United States District Judge

Dated: March 14, 2016